Willie Milton MAPP, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–291.

Court of Criminal Appeals of Oklahoma.

Dec. 16, 1976.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

OPINION

BRETT, Presiding Judge:

The appellant, Willie Milton Mapp, hereinafter referred to as the defendant, was charged in the District Court, Oklahoma

County, Case No. CRF–75–1604, for the offense of Assault and Battery With a Deadly Weapon With Intent to Kill, in violation of 21 O.S.1971, § 652. He was tried by a jury and was convicted of the lesser offense of Assault and Battery With a Deadly Weapon With Intent to do Serious Bodily Harm, with punishment being set at four (4) years in the penitentiary. From said judgment and sentence a timely appeal has been perfected to this Court.

In that appeal the court-appointed Public Defender has filed application for leave to withdraw as counsel, reporting that only frivolous matter could be raised on such appeal. In addition the defense counsel has filed a memorandum brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), discussing those areas of the case in which error might have occurred which would serve as a basis for reversal on appeal.

After a thorough review of the record and transcript of the case, this Court is of the opinion that the conviction should be affirmed. The testimony at the trial was conflicting, but viewed in a light consistent with the verdict, as we are required to do, there is substantial evidence from which the jury could reasonably have found that on May 3, 1975, the defendant and Willie Rowe became engaged in a brief altercation, that in the course of that altercation the defendant took a .22 pistol from his pocket and fired three times, hitting Rowe twice in the leg, and that the defendant then left the scene. In *Warner v. State*, Okl.Cr., 489 P.2d 526 (1971) we said:

"We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the exclusive province of the jury to weigh the evidence and to determine the facts." (Citation omitted)

The evidence in the instant case was competent and affords a reasonable basis on which a verdict of guilty of the lesser included offense could be returned. In addition we are unable to find any error in the record which would afford the defendant a reasonable argument on appeal.

Accordingly, the judgment and sentence in the case is hereby AFFIRMED.

BUSSEY and BLISS, JJ., concur.