The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following questions: 1. May the boards of education of two (2) or more school districts of the State enter into and maintain membership in an association for the conduct of interscholastic competition ? 2. Does such an association, by reason of its membership being comprised principally of school districts, become subject to state laws and regulations applying to school districts in the conduct of association business? The Oklahoma Legislature, pursuant to its Constitutional mandate, has vested in the governing bodies of the several school districts the authority to maintain and operate a system of education "of such character as the board of education shall deem to be best suited" to the needs of the district. 70 O.S. 5-117 [70-5-117] (1979). Included within the 70 O.S. 5-117 [70-5-117] powers is the authority for the district to incur expenses necessary to carry out and fulfill its obligations and to "enter into cooperative agreements and maintain joint programs" with respect to educational activities. Many educational services are specifically mentioned by statute while others are left to the discretion of the local school district or the State Board of Education. See, for example, 70 O.S. 5-117 [70-5-117], supra; 70 O.S. 1-107 [70-1-107] (1971); 70 O.S. 11-103 [70-11-103] (1974). While school districts may only exercise such powers as are derived from statutes, Independent School District v. Swanson, Okl., 553 P.2d 496
(1976), the statutes are to be given a liberal constitution to effect the purposes of the laws and for the advancement of public education. 70 O.S. 1-103 [70-1-103] (1971). The Oklahoma Supreme Court has never spoken directly to the point of the authority of a school district or school to join and participate in an unincorporated association having broad powers of decision-making concerning student activities. Such authority is implied in Morrison v. Roberts, 183 Okl. 359, 82 P.2d 1023 (1938) and in Oklahoma High School Athletic Association v. Bray, (C.A. 10)321 F.2d 269 (1963), involving such an association. In Morrison, the Court upheld the binding quality of the rules of eligibility of the Oklahoma High School Athletic Association, including the finality of its decisions upon the membership. While the authority of the school district to join and participate in such an association was not specifically raised, the Court's recognition and acceptance of the binding powers of such an association is persuasive on that point. An association may provide services to the school districts in fulfilling physical, scholastic and cultural educational duties through a competitive process. In such a context, the payment of dues by a school district for or on behalf of a school within the district is not a "gift" as that term is used in Article X, Section 15 of the Oklahoma Constitution. Childrens Home and Welfare Association v. Childers,197 Okl. 243, 171 P.2d 613 (1946). In exchange for the dues, the school or school district receives services from the association in the form of organizing, conducting and administering interscholastic activities. More than a mere exchange of money for services may be involved, however, where a local school delegates to an unincorporated association an actual or defacto decision-making power with respect to its interscholastic or other activities. Under these circumstances, such an association becomes a subordinate entity in the performance of the local districts' assigned duties and responsibilities, exercising actual or defacto decision-making authority reserved to the board. Whether a subordinate entity of a governmental body becomes burdened with the limitations of authority imposed upon the parent agency was treated in Carl v. Board of Regents, Okl., 557 P.2d 912 (1978) and Sanders v. Benton, Okl.,579 P.2d 815 (1978). The Oklahoma Supreme Court held, under some circumstances, that the Open Meeting Act, now 25 O.S. 301 [25-301] et seq. (1977), as amended, applied to some subordinate albeit unofficial entities of state agencies. The reasoning of the Court was that the Legislature did not intend to open the activities of public bodies for public scrutiny and "leave in the dark" their unofficial subordinate entities which are established for the purpose of exercising the parental prerogatives. Carl v. Board of Regents, supra at 914. The same analogy is applicable to conditions, limitations and restrictions imposed by statute upon local boards of education in other areas of the law, such a concept being embodied in the well settled legal principle that agencies may not do indirectly that which they are prohibited from doing directly. In other words, an entity of government limited only to statutory powers may not, by delegating certain responsibilities to other entities, enlarge those powers or diminish the restrictions on those powers imposed by law. As expressed in Carl v. Board of Regents, supra, and Sanders v. Benton, supra, it is clear that the Open Meeting Act requirements apply to such an association. The Administrative Procedures Act, 75 O.S. 301 [75-301] et seq. (1971), as amended, does not apply to boards of education. 75 O.S. 324 [75-324] (1971). Whether other statutes of the State have specific application to the organization, administration and conduct of such an association would necessarily entail a question of specific facts of a specific transaction or circumstance. It is, therefore, the official opinion of the Attorney General that: 1. School districts of the State of Oklahoma may authorize individual schools within their district to join and participate jointly with other school districts and schools in cooperative associations for the purpose of fulfilling their obligation with respect to the educational needs of the children within their districts; 2. An unincorporated association, or other entity, to which is law fully delegated an actual or defacto decision-making authority by a school district is subject to the Open Meeting Act, 25 O.S. 301 [25-301] et seq. (1977); 3. Whether such an association is subject to other limitations or restrictions imposed by statute upon local school districts is a question of fact depending upon the statute to be applied and the circumstances of each case. (MANVILLE T. BUFORD) (ksg) ** SEE: OPINION NO. 88-600 (1988) (UNPUBLISHED) **